**In re Glen E. CORNIST, Case No. 80–00903–M, Debtor.**

**GUILD MORTGAGE COMPANY, Plaintiff,**

v.

**Glen E. CORNIST, and Julius J. Pearl, Trustee, Defendants.**

**Complaint No. C80–0273–M.**

United States Bankruptcy Court, S. D. California.

Nov. 19, 1980.

John M. Ross, San Diego, Cal., for debtor.

Julius J. Pearl, San Diego, Cal., Trustee.

Bruce H. Zuckerman, Covina, Cal., for Guild.

## MEMORANDUM OPINION

### I

JAMES W. MEYERS, Bankruptcy Judge.

On July 11, 1980, the plaintiff, Guild Mortgage Company ("Guild"), filed this complaint for relief from the automatic stay. The defendant, Glen E. Cornist, filed an answer on July 23, 1980, and requested a hearing before this Court. The preliminary hearing was scheduled for August 8, 1980, and was then continued to August 22, 1980. At the preliminary hearing this Court ordered that the stay was to remain in effect pending the final hearing, if the current payments were made. On September 16, 1980, at the final hearing this Court ruled that the stay had been terminated pursuant to Section 362(c) of the Bankruptcy Code ("Code"). 11 U.S.C. § 362(c).

* This obligation was the subject of the complaint for relief from the stay filed by Guild.

### II

### FACTS

On April 15, 1980, the debtor Glen E. Cornist filed his voluntary petition under Chapter 7 of the Code. He listed his residence at 405 San Jacinto Drive, in the City of San Diego, as property he owned with a fair market value of $79,500. He also listed in schedule B–4 his equity in the residence as being exempt property under 11 U.S.C. § 522(d)(5). The schedules further reflected that Guild was a secured creditor holding a first trust deed on the residence securing an obligation of $59,800.*

The first meeting of creditors was held on May 21, 1980, with Mr. Julius J. Pearl serving as trustee in bankruptcy. On July 1, 1980, the trustee filed his report indicating that he had no property available for distribution.

A discharge hearing was scheduled for July 28, 1980, and continued from time to time. On August 28, 1980, the discharge hearing was finally held and the debtor received a copy of his discharge order which was filed that date.

### III

### DISCUSSION

Under Section 362 of the Code, when a petition is filed an automatic stay becomes effective which operates to enjoin, among other things:

(3) any act to obtain possession of *property of the estate* or of *property from the estate*;

(4) any act to create, perfect, or enforce any lien against *property of the estate*;

(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title....

11 U.S.C. § 362(a)(3)–(5) (emphasis added). When the debtor filed his petition on April 15, 1980, this section operated to stay any action by the plaintiff.

However, the stay under Section 362 is not permanent. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 341 (1977) ("House Report"), U.S.Code Cong. & Admin.News 1978, p. 5787. The section contains in subsection (c) explicit time limits governing the duration of the stay, as follows:

(1) the stay of an act against *property of the estate* under subsection (a) of this section continues until such property is no longer *property of the estate* ; and

(2) the stay of any other act under the subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c) (emphasis added). Then in the case of an act against property of the estate the stay continues until the property is no longer property of the estate, such as by sale, abandonment, or being determined to be exempt. House Report, at 343. *See 2 Collier on Bankruptcy*, ¶ 362.07 at 362–42 (15th ed.) ("Collier"). Here no objection was filed in regard to the debtor's claims of exemption so that the property claimed to be exempt, including the residence, was so recognized and was returned to the control of the debtor. Once the exemption claim in the subject property was recognized, the stays established by Section 362(a)(3) & (4) were terminated since the property was "no longer property of the estate" as required by Section 362(c)(1) if such an injunction is to continue. Thus, the trustee would have no basis to oppose Guild's motion to have it declared that the stay was no longer in effect.

But that does not end the tale, for the Congress made it clear that a termination under Section 362(c)(1) "does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor." House Report at 343. This is because property in the hands of the debtor is independently protected by the provisions of Section 362(a)(5), which automatically stays a wide variety of actions against *the debtor's property*, including judicial or private foreclosures. *See 2 Collier, supra*, ¶ 362.04[5] at 362–34. This stay is also one of limited duration which terminates automatically under Section 362(c)(2) when a discharge is granted or denied or when the case is closed or dismissed. *See In re Miller*, 4 B.R. 305, 309, 6 B.C.D. 436, 438 (E.Mich.1980). Here the debtor received his discharge on August 28, 1980, with the automatic stay being terminated on that date so that Guild was free to pursue its remedies.

Under pre–Code law, a security interest in exempt property was not affected by the debtor's discharge in bankruptcy. *Matter of Meyers*, 2 B.R. 603, 604, 5 B.C.D. 1306 (E.Mich.1980). *See Long v. Bullard*, 117 U.S. 617, 621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). The situation was summarized, as follows:

[d]espite plaintiff's discharge in bankruptcy, defendant clearly was entitled to possession of the collateral if its lien were valid. This necessarily follows for, in the case of a secured creditor, the discharge in bankruptcy releases the bankrupt from personal liability on the debt only. With certain exceptions not here material, the discharge does not affect, release, discharge or invalidate any liens on property of the bankrupt which were in existence prior to the petition or adjudication in bankruptcy. The lien may be enforced by any appropriate proceeding not involving a judgment in personam against the bankrupt even though the claim for which the collateral stood as security has been discharged.

*Hupp v. Murphy Finance Company*, 502 S.W.2d 345, 351–52 (Mo.1973). Now under the Code, the rights of secured creditors have been circumscribed by allowing the debtor the right to avoid certain judicial liens and certain nonpossessory, nonpurchase–money security interests and redeem certain collateral by paying the secured creditor only the value of the property when less than the claim. Other than these changes the rights enjoyed by a secured creditor have not been substantially modi-

fied under the Code and when the stay is terminated such a creditor with a secured claim may proceed against the collateral.

The debtor, in a letter dated September 30, 1980, has urged this Court to continue the injunction under Section 105 of the Code. 11 U.S.C. § 105. It does appear that this Court has considerable discretion under Section 105 to issue orders to protect a debtor's property. *See In re Walker*, 3 B.R. 213, 214, 6 B.C.D. 161, 162 (W.D.Va.1980). However, that question has not been properly presented to the Court and in any event it would be untimely. Here the stays issued under Section 362 were terminated when the debtor received his discharge and this fact renders the instant complaint moot. *See Heinsohn v. Levin*, 79 F.R.D. 441, 443 (Mass.1978); *United States Steel v. Industrial Welfare Com'n*, 473 F.Supp. 537, 539–40 (N.Cal.1979).

### IV

### CONCLUSION

All stays issued under 11 U.S.C. § 362(a) were terminated when the debtor received his discharge and therefore this complaint should be dismissed as being moot. This opinion will constitute findings of fact and conclusions of law as required by Bankruptcy Rule 752.