**In re Iliana M. RODRIGUEZ, Debtor.**

**DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, formerly a United States Corporation, n/k/a Dade Savings and Loan Association, a Florida Corporation, Plaintiff,**

v.

**Iliana M. RODRIGUEZ and William Roemelmeyer, Trustee, Defendants.**

**Bankruptcy No. 80–01440–BKC–JAG.**
**Adv. No. 80–0339–BKC–JAG–A.**

United States Bankruptcy Court,
S. D. Florida.

Feb. 13, 1981.

Law Offices of Howard J. Hollander, Louis Phillips, Phillips & Phillips, P.A., Miami, Fla., for plaintiff.

Al Schwitalla, Schwitalla & Lombana, Coral Gables, Fla., for debtor.

William R. Roemelmeyer, Miami Shores, Fla., Trustee.

## FINAL JUDGMENT

JOSEPH A. GASSEN, Bankruptcy Judge.

Plaintiff, Dade Savings and Loan Association filed its complaint to modify stay, seeking to continue its foreclosure on the home of the debtor-defendant, Iliana M. Rodriguez.

The facts are not now in dispute. Prior to the bankruptcy proceeding, Dade Savings obtained a final judgment of foreclosure of plaintiff's first mortgage against the debtor's property. On the eve of the foreclosure sale, the debtor's voluntary chapter 7 bankruptcy petition was filed thus causing the automatic stay under 11 U.S.C. § 362 to apply. In the bankruptcy proceeding, the property was set aside as exempt and no objections were filed. The debtor did not seek to avoid or invalidate the mortgage lien.

The preliminary question to be decided is whether the court has authority to enter any order affecting the rights of the parties as to this mortgage. Although originally bringing this adversary action, plaintiff now contends that since the property has been exempted and is no longer property of the bankruptcy estate, this court is without jurisdiction to enter any order affecting a lien on the property.

While all property in which the debtor had an interest comes into the bankruptcy estate under 11 U.S.C. § 541, property may be exempted, and thus removed from the estate, under 11 U.S.C. § 522(b), as was done here. However, the Bankruptcy Code contemplates the continued jurisdiction of the court to hear certain matters related to exempt property, such as the avoidance of certain liens on exempt property as permitted by 11 U.S.C. § 522(f).

This court need not determine whether that jurisdiction extends to decide a complaint to lift stay, however, because it concludes that the stay has already lifted under the terms of 11 U.S.C. § 362. Even after this property was no longer property of the estate, plaintiff's foreclosure action continued to be stayed under § 362(a)(5) which

stays "any act to ... enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title". But § 362(c)(2) provides that such a stay continues only until the *earliest* of the time when the case is closed or dismissed or the time when a discharge is granted to the debtor. The debtor has received her discharge in this case and by the terms of § 362, the automatic stay has lifted as to plaintiff's foreclosure action. Cf. *Guild Mortgage Company v. Cornist*, 7 B.R. 118 (S.D.Cal.1980). In view of the foregoing, it is

ORDERED and ADJUDGED that the stay heretofore in effect no longer applies to plaintiff's state court foreclosure action and there is nothing pending in this court which restrains plaintiff from continuing the prosecution of that foreclosure action.