In the Matter of George and Brenda FRAINE, Debtors.

FIRST FEDERAL SAVINGS & LOAN ASSOC. OF WINTER HAVEN, Plaintiff,

v.

George and Brenda FRAINE, Defendants.

Bankruptcy No. 80–1899 C.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

March 9, 1981.

Jary V. Streitwieser, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for plaintiff.

Shirley C. Arcuri, Straske, Farfante & Watkins, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 7 proceeding and the matter under consideration is the right of First Federal Savings & Loan Assoc. of Winter Haven (First Federal) to obtain relief from the automatic stay imposed by § 362(a)(5). First Federal is the holder of a first mortgage on the residence of George and Brenda Fraine, the Debtors involved in this adversary proceeding. The subject property has been claimed and set aside as exempt on the Debtors' B–4 Schedules.

The facts relevant to this controversy may be summarized as follows:

On November 30, 1979, the Debtors obtained financing through First Federal in order to make extensive improvements on certain real property. The Debtors executed a note and a mortgage in the principal amount of $44,800 with payments to commence on January 1, 1980. Although nearly all of the proposed improvements were made by the Debtors, the same cannot be said with respect to making the mortgage payments. In fact, only the January and February, 1980 payments were made. In addition, the Debtors did not pay any of their real estate taxes or make the insurance premium payments for 1980.

First Federal elected to treat the Debtors' non-payment as a default and accelerated the mortgage and filed a state court foreclosure action which ultimately was stayed, upon the Debtors' filing of their Chapter 7 petition.

First Federal then filed the present action seeking relief from the stay imposed by § 362(a)(5) of the Bankruptcy Code. The complaint alleges that the Debtors have not made the payments required by the mortgage and, therefore, seeks relief from the automatic stay pursuant to § 362(d)(1) for cause including lack of adequate protection.

Although the Debtors placed a value on their residence in excess of $100,000 and are presently attempting to sell their home for $81,500, this Court finds that the reasonable value of the Debtors' home is $60,000. This is so because of numerous factors including the fact that the property in question has been overdeveloped for its neighborhood.

Using the $60,000 figure the Court finds that the property's present equity cushion is only 12.4% and that figure will continue to diminish in future months inasmuch as even the judgment rate of interest on the obligation is more than double the anticipated rate of appreciation of the property.

First Federal contends that the stay imposed by § 362(a)(5) of the Code should be lifted for lack of adequate protection. Although First Federal acknowledges a line of cases which recognize that an equity cushion can in and of itself constitute adequate protection, it points out that a 15% equity cushion has been recognized as a minimum. *See, In re Pitts*, 2 B.R. 476 (Bkrtcy.C.D.Cal. 1980); *In re Rogers Development*, 2 B.R. 679, 684 (Bkrtcy.E.D.Va.1980). In addition, neither of these cases dealt with property that was claimed as exempt by the Debtor. First Federal cites *In re Tucker*, 5 B.R. 180, 6 BCD (Bkrtcy.S.D.N.Y.1980) which states that a Court may look to other considerations in instances where the equity cushion is minimal and is, in fact, decreasing; i. e. what is the purpose of the Bankruptcy filing and when was it filed. Thus, First Federal contends that the automatic stay should not be continued to protect an exempt property when the only benefit to be derived from the stay is the possible sale proceeds redounding to the Debtor.

It is the Debtors position that the equity cushion in and of itself constitutes adequate protection within the meaning of § 361 of the Code. In addition, the Debtors point out that if given the opportunity, they could probably close a deal on the house within 60–90 days and the extension of the stay is only requested for a brief period.

Having considered the contentions of the respective parties, this Court is satisfied that First Federal is entitled to the relief sought and the stay be lifted. Although the stay imposed by § 362(a)(5) does protect the Debtors' exempt property, that stay is only intended to be temporary and is lifted automatically upon the earliest of the Debtor's discharge, dismissal of the case, or closing the case. *In re Cornist*, 7 B.R. 118, 3 CBC 2d 381 (Bkrtcy.S.D.Cal.1980),

§ 362(c)(2)(A), (B), or (C). There is nothing in the Code, however, which would prevent the lifting of the automatic stay for cause prior to the occurrence of any of the events listed in § 362(c)(2) and this Court is satisfied that First Federal has demonstrated sufficient cause and should not be compelled to await the occurrence of one of the Code's self executing events.

Moreover, the time to file objections to the discharge of these Debtors has already expired and they are entitled to receive their discharge forthwith, Bankruptcy Rule 405. This being the case, the automatic stay will expire automatically in any event.

A separate final judgment will be entered lifting the stay pursuant to § 362(d)(1).