**In re FORTNER OILFIELD SERVICES, INC., Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**FORTNER OILFIELD SERVICES, INC., Defendant.**

**Bankruptcy No. 583–00115.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Nov. 21, 1984.

Larry Elms, Lubbock, Tex., for General Motors Acceptance Corp.

Dennis O. Olson, Lubbock, Tex., for defendant.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The plan of reorganization under Chapter 11 of Title 11, United States Code, was

confirmed by order entered December 12, 1983. Ten months later on October 9, 1984, General Motors Acceptance Corporation ("GMAC") filed motion to lift the automatic stay to permit it to foreclose its claimed certificate of title lien against a 1980 GMC Dump Truck. The GMAC lien predated the filing of the petition for order for relief under Chapter 11, but $7,503.04 of the balance owed to it by the debtor was refinanced postconfirmation on May 1, 1984. GMAC contends that the monthly payments under the refinanced note are $478.37 each but that no payment has been credited to the account since May 29, 1984.

The debtor challenges the jurisdiction in the Bankruptcy Court to issue the requested relief after a plan has been confirmed.

■ Jurisdiction of the Bankruptcy Court attaches upon the filing of a petition for order for relief and continues in a Chapter 11 proceeding until the case is closed. The continuing jurisdiction is not a function of the fortuity of there being property in the estate of the debtor; rather such jurisdiction continues as an indispensable incident of the Court's authority to adjudicate the Chapter 11 proceeding. *In re Weathersfield Farms, Inc.*, 34 B.R. 435, 438 (Bkrtcy.D.Vt.1983). The courts which have addressed the issue uniformly note that jurisdiction extends over postconfirmation proceedings regarding rights arising under the confirmed plan. *In re J.M. Foods, Inc.*, 26 B.R. 852 (Bkrtcy.S.D.N.Y.1983); *Matter of Georgetown of Kettering Ltd.*, 22 B.R. 312 (Bkrtcy.S.D.Ohio 1982). It is accepted that both the debtor and creditors are bound by the confirmed plan. *In re White Farm Equipment Company*, 38 B.R. 718 (Bkrtcy.N.D.Ohio 1984); *In re Gurwitch*, 37 B.R. 513 (Bkrtcy.S.D.Fla.1984). Therefore it follows that the court maintains jurisdiction sufficient to oversee the execution of the plan. *In re Westholt Manufacturing*, 20 B.R. 368 (Bkrtcy.D.Kan.1982).

■ However, while the bankruptcy court retains jurisdiction to oversee the plan there are certain preconfirmation incidences of jurisdiction that are lost or altered by the confirmation. One of those

incidences is the automatic stay. In determining the scope of the post-confirmation stay the provisions of §§ 362(c)(1), 362(c)(2), 362(a)(5) and 1141(b) must be considered.

■ Section 362(c)(1) terminates the stay as to property of the estate when the property is no longer *property of the estate*. It is an obvious truism that if property is no longer in the estate there should be no automatic stay prohibiting proceedings against property of the estate. Under § 1141(b) confirmation of the plan vests all property of the estate in the debtor, unless the plan or order confirming the plan provides otherwise. The legislative history of § 362(c)(1) indicates that the stay which formerly protected property of the estate remains effective against property which passes from the estate to the debtor. *See In re Berry*, 11 B.R. 886 (Bkrtcy.W.D.Pa. 1981). The reason for the continued existence of the stay against the property which now is in the hands of the debtor is provided by § 362(a)(5) which automatically stays a wide variety of actions against the debtor's property, including judicial or private foreclosures. *Berry* supra at 889. *See* also *In re Cornist*, 7 B.R. 118 (Bkrtcy.S.D. Cal.1980). Thus, the preconfirmation stay against property of the estate continues in effect against property of the debtor.

The § 362(a)(5) stay terminates when the events of § 362(c)(2) (i.e., dismissal, closure or discharge) occur. *In re Horton*, 15 B.R. 403 (Bkrtcy.E.D.Va.1981); *In re Fraine*, 9 B.R. 439 (Bkrtcy.M.D.Fla.1981).

In one sense this discussion has little practical relevance because under § 1141(d) confirmation of the plan simultaneously serves to discharge the debtor from many debts. However there are some exceptions to discharge which could become germane.... exceptions provided in the plan or order confirming the plan pursuant to § 1141(d)(1), § 523 exception to discharge pursuant to § 1141(d)(2), exceptions if the plan is a liquidating plan and the debtor would be denied discharge under § 727 pursuant to § 1141(d)(3), and waivers of discharge pursuant to § 1141(d)(4).

In this case no exceptions to discharge are apparent. The automatic stay terminated upon confirmation and GMAC is not restrained from pursuing foreclosure proceedings against the debtor, Fortner Oilfield Service, Inc. No stay existing by virtue of the statutes, there is no need to continue this motion on the docket of the court.

It is, therefore, ORDERED by the Court that the motion by GMAC for modification of stay be, and it is hereby, dismissed as moot.

All relief not herein granted is denied.