In re Russell Carl CRAWFORD and
Leona Ruth Crawford, Debtors.

Bankruptcy No. SG 85–01493.

United States Bankruptcy Court,
W.D. Michigan.

July 27, 1988.

Douglas McFadden, Belding, Mich., for debtors.

Boyd A. Henderson, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for movant Barbara Gilbert.

Sherri A. Jones, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, Mich., for Production Credit Ass'n of Alma.

**1.** Land Contract Vendor Max Gilbert died dur-

MEMORANDUM OPINION
AND ORDER

JO ANN C. STEVENSON,
Bankruptcy Judge.

The Court is asked to decide whether it should grant the Motion to lift stay filed by land contract vendor Mrs. Barbara Gilbert. Mrs. Gilbert seeks relief from 11 U.S.C. § 362(a), to the extent the automatic stay is in effect, in order that she may proceed against the Debtors on claims which Mrs. Gilbert alleges arose after October 22, 1987, the date of entry of the Order Confirming the Debtors' Chapter 11 Plan. That confirmed Plan provided that debt owed to land contract vendors, Max[1] and Barbara Gilbert, was to be paid

at the rate of $450.00 per month plus $4,000.00 annually beginning November 30th, 1987, and continuing for four years thereafter, at which time the remaining balance will be due.

Movant alleges that since confirmation of the Plan, the Debtors have paid the monthly sum of $405.00 rather than the $450.00 required by the Plan and more significantly, the Debtors have failed to make the first annual installment of $4,000.00 due on November 30, 1987.

The Debtors counter that as required by the underlying land contract, they have paid the property taxes and, in early June, they offered to bring current the delinquent land contract payments.

11 U.S.C. § 362(c)(1) provides as follows:

(c) except as provided in subsections (d), (e) and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

Since neither the Plan nor the Order of Confirmation provide otherwise, upon confirmation of Debtors' Plan, all of the property of the estate vested in the Debtors and there was no longer any property of the estate. 11 U.S.C. § 1141(b)

ing the pendency of the Chapter 11 case.

11 U.S.C. § 362(c)(2)(C) allows that the stay of any other act under Subsection (a) continues until a discharge is granted. 11 U.S.C. § 1141(d)(1) provides that confirmation of the Plan discharges the debtor from specified debts. The legislative history of this section notes that: "Subsection (d) contains the discharge for a reorganized debtor." Notes of Committee on the Judiciary, S.R. No. 95–989. Because the Plan was confirmed, the Debtors have been "discharged" as contemplated by Section 362(c)(2)(C).

■ Accordingly, as provided by 11 U.S.C. § 362(c)(1) and (2), the automatic stay provisions of § 362(a) expired upon confirmation of the Debtors' Plan. *In re Korgan,* 52 B.R. 557 (Bkrtcy.D.Or.1985); *In re Fortner Oilfield Services, Inc.,* 49 B.R. 9 (Bkrtcy.N.D.Texas 1984)

The Debtors concede that the automatic stay terminated upon confirmation of the Plan because that is the time when the discharge is effective pursuant to § 1141(d) of the Code. They argue, however, that *In re Draggoo Electric Co.,* 57 B.R. 916 (N.D. Ind.1986) permits me to prohibit land contract vendor Gilbert's post confirmation collection efforts if they are inconsistent with the provision of the confirmed plan.

I have carefully reviewed *Draggoo* and find that it does not aid the Debtors' cause. In *Draggoo* the Indiana Employment Security Division (IESD) sent a post confirmation notice to the Debtor indicating that the only way the Debtor could avoid the penalty rate on post petition unemployment taxes was to immediately pay all prepetition taxes due. Judge Rodibaugh concluded that there was no evidence the IESD violated the automatic stay by sending its objected to notice.

Once the plan is confirmed, arguments that the IESD is acting in violation of the stay are generally no longer applicable.

57 B.R. at 919.

However, IESD's post confirmation collection attempts were found to violate other provisions of the Bankruptcy Code as well as the terms of the Confirmed Plan. The attempt of IESD to collect under the highest penalty rate provision constitutes an addition or penalty which relates to the prepetition employment taxes of the debtor. Such actions violate the terms of the confirmed plan which specify how the prepetition taxes shall be paid. *See, In re Active Steel Erectors,* 13 BCD 807, 53 B.R. [851] at 852–53 [ (Bkrtcy.Alaska 1985) ].

In summary the Court concludes that the actions of the IESD in sending notices to the debtor regarding its penalty rate, and in accessing a penalty rate based on prepetition indebtedness, are in conflict with distributive provisions of the Bankruptcy Code and the terms of the confirmed plan. Had the IESD's action occurred prior to confirmation of the plan, said actions would also constitute violations of the automatic stay.

57 B.R. at 920.

Here, the land contract vendor's actions violate neither the Bankruptcy Code nor the term of the Debtors' Confirmed Plan. The Debtors have presented no case in support of their proposition that I can under either 11 U.S.C. Section 1142(a) or (b), or Bankruptcy Rule 3020(d) require the vendors to accept in July, 1988, an alleged proffered partial payment of monies which were due in November of 1987 pursuant to the October 22, 1987 Order Confirming the Debtors' Plan of Reorganization. This is particularly true where the underlying land contract terms provide that time is of the essence.

Debtors further assert that the property subject to the land contract is essential to the effective reorganization of Debtors' estate. The Court was advised by the Debtor, however, that the property subject to the land contract is not used for farming but rather to house a small produce stand. Despite this apparent contradiction, whether the property is essential to the effective reorganization of Debtors' estate is not at issue here since Section 362 of the Bankruptcy Code does not govern.

The automatic stay terminated upon Plan confirmation and movant Gilbert is not restrained from pursuing her applicable state law remedies. As there is no stay existing

by virtue of the Code, this matter need not be continued on the docket of the Court.

IT IS, THEREFORE, ORDERED BY THE COURT that the Motion of Barbara Gilbert to Lift Stay be, and it is hereby, dismissed as moot.