[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff has moved to open the judgment of strict foreclosure to reestablish the debt, attorney's fees and costs, and to extend the law days as a result of defendant Bertha Beilin's discharge on a petition in bankruptcy under Chapter 7 of the bankruptcy laws. The mortgage in issue was foreclosed by a judgment of strict foreclosure on May 23, 1994, with law days set for June 6, 1995. Joseph Beilin subsequently filed for Chapter 13 bankruptcy protection. His case was subsequently converted to Chapter 7. On November 4, 1996, the court (Grogins, J.) opened the judgment of strict foreclosure and CT Page 9043 reset the law days for December 5, 1996. On December 2, 1996, however, Bertha Beilin filed for bankruptcy protection under Chapter 7, thereby staying the foreclosure action pursuant to11 U.S.C. § 362 (a). She was discharged from bankruptcy on March 11, 1997, and by consent order signed September 26, 1996, the plaintiff obtained relief from stay as to this action against Joseph Beilin.
Pursuant to § 49-15 of the Connecticut General Statutes, the plaintiff has moved this court to open the judgment of strict foreclosure and to reestablish the debt figure, attorney's fees and costs, as those amounts have changed since the passing of the law days, and to assign new law days for the owners of equity and the subsequent encumbrancers. The defendants did not file an opposition to the motion, but did, however, appear at the oral argument with oral objections. The attorney for the defendants argued in essence that because the subject property had been set aside as exempt pursuant to 11 U.S.C. § 522, and the bankruptcy cases have not been closed, the automatic stay established by § 362 of the Bankruptcy Code is still in effect, and precludes the plaintiff from proceeding with the foreclosure action. When questioned by the court regarding the evidence of the exemption, the defendants' attorney was unable to produce any documentation from the bankruptcy action demonstrating that the property had been exempted and stated that he did not have any such record in his files, but that he thought it had been done.
Section 49-15 of the General Statutes provides in pertinent part: "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . upon such terms as to costs as the court deems reasonable . . . ." "Because the statute vests discretion in the trial court to grant or to deny a motion to open . . . [a judgment of strict foreclosure], the action of the trial court will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." Society for Savingsv. Stramaglia, 225 Conn. 105, 110 (1993).
The filing of a petition under any chapter of the Bankruptcy Code automatically stays all actions against the debtor, including foreclosure actions. 11 U.S.C § 362(a)(5). The defendants contend that since that the property may have been CT Page 9044 exempted it is no longer part of the bankruptcy estate, and the stay operates to preclude any action against it. However, that the defendants' proposition has no merit.
Section 362(c) of the Bankruptcy Code provides in relevant part: "(1) the stay of an act against property of the estate continues until such property is no longer property of the estate; and (2) the stay of any other act under subsection (a) of this section continues until the earliest of — (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under Chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." While all property in which the debtors had an interest at the time the bankruptcy petition was filed becomes property of the bankruptcy estate under 11 U.S.C. § 541, any property that is exempted under 11 U.S.C. § 522 (b) is removed from the estate. In re Rodriguez, 9 B.R. 643 (S.D. Florida 1981). Since the defendants contend that the subject property was exempted, such property is no longer considered part of the bankruptcy estate and the stay "continues only until the earliest of the time when the case is closed or dismissed or the time when a discharge is granted to the debtor." (Emphasis in original.) Inre Rodriguez, supra, 9 B.R. 643-44 (granting mortgagee's motion to modify stay seeking to continue its foreclosure action on the debtor's home even though the property was exempted, on the ground that the stay had lifted since the debtor had received a discharge). In the present case, Bertha Beilin has received her discharge from bankruptcy, and relief from stay has been granted as to Joseph Beilin. Therefore, by the terms of § 362, the automatic stay has lifted as to the plaintiff's foreclosure action.
In view of the foregoing, the judgment of strict foreclosure is hereby opened and the debt, attorney's fees and costs shall be reestablished and law days reset after hearing on the short calendar.
Moraghan, J.