**In re Paul D. and Judy A. GLOBOKAR, Debtors.**

No. 06–10909.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Sept. 18, 2007.

Glenn E. Forbes, Painesville, OH, for Debtors.

Dean Wyman, Cleveland, OH, for U.S. Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Bankruptcy Judge.

The matter before the Court is the GMAC, NA's (the *"GMAC"*) Motion for Relief from the Automatic Stay (the *"Motion"*). Paul D. (the *"Debtor–Husband"*) and Judy A. Globokar (collectively, the *"Debtors"*) oppose the requested relief. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order No. 84 of this District. Following a duly noticed hearing, the following findings and conclusions are rendered:

\*

The parties have stipulated to the following facts: On March 25, 2006 (the *"Petition Date"*), the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*). On September 26, 2002, the Debtor–Husband obtained a loan from GMAC in the amount of $37,600.80 to purchase a 2002 GMC Denali. On the same day, he executed a Note and Security Agreement evidencing the loan and GMAC's lien on the vehicle. There is no dispute that GMAC has a properly recorded and perfected first lien on the subject vehicle. The parties also agree that the Debtor–Husband is presently in possession and continues to use the vehicle. It is also undisputed that, as of June 2007, there is due and owing on the Note an outstanding balance of $14,654.03, plus interest thereon.

On October 27, 2006, the Debtors filed a Joint Disclosure Statement and Plan of Reorganization (*"Plan"*). The Plan categorized GMAC's claim as a Class One Claim (Prepetition Secured Claims) and rendered it unimpaired. It is also undisputed that GMAC did not oppose its treatment in the Plan. Subsequently, this Court entered an Order Finally Approving the Disclosure Statement and Conditionally Confirming Plan.

The parties agree that the Debtor–Husband made postpetition payments to GMAC totaling $1,118.24. In addition, it is undisputed that postpetition payments from him ceased causing a postpetition arrearage until payments resumed on February 27, 2007, postconfirmation. There is also no dispute that the Debtor–Husband is presently delinquent in periodic payments to GMAC in the amount $5,920.01 through June 2007, which arose postpetition but prior to the confirmation of the Plan.

\* \*

GMAC requests relief from the automatic stay. It contends that its contractual rights have been altered as the Debtor–Husband has failed to pay the postpetition arrearage due it under the contract with him. It further contends that, while there may be no requirement that the Debtor–Husband voluntarily continue making timely payments prior to confirmation of the plan, he is required to bring the account current upon confirmation if they intend to portray the claim as "unim-

paired" in said plan. Therefore, because the Debtor–Husband has failed to bring his account current, it should be granted relief from the automatic stay.

The Debtor–Husband asserts that he is only obligated to tender payments to GMAC upon confirmation of the Plan, January 12, 2007, and that the payments not tendered postpetition may be brought current at any time prior to the case concluding. He also asserts that GMAC failed to request adequate protection payment and therefore the Debtor–Husband was not obligated to make payments on the secured claim during the period between the Petition Date and confirmation of the Plan. Therefore, the Motion should be denied.

\* \* \*

Section 362(c)(1) of the Bankruptcy Code provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section—
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

11 U.S.C. § 362(c)(1).

■ Section 1141 of the Bankruptcy Code provides:

> (a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> \* \* \*
>
> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
>
> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
>
> (ii) such claim is allowed under section 502 of this title; or
>
> (iii) the holder of such claim has accepted the plan; and
>
> (B) terminates all rights and interests of equity security holders and general partners provided for by the plan.
>
> (2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 1141.

■ GMAC requests relief from the automatic stay upon the Debtor–Husband's failure to cure $5,920.01 in postpetition preconfirmation arrears on its secured claim as it relates to the subject vehicle. However, GMAC's motion is procedurally defective. The automatic stay outlined in § 362 ceases to operate upon confirmation of the Chapter 11 plan. *In re Crawford,* 95 B.R. 491 (Bankr.W.D.Mich.1988); *In re 12th & N Joint Venture,* 63 B.R. 36 (Bankr.D.D.C.1986). Section 1141(d) provides, with certain exceptions, that confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation except as provided in

the confirmed plan or the confirmation order. *See* 11 U.S.C. § 1141(d). Further, upon confirmation of debtor's Chapter 11 case, the property of the estate vests in the debtor and the estate terminates, unless the plan provides otherwise. 11 U.S.C. § 1141(b); *see also In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 462 (6th Cir.1991). Confirmation has the effect of revesting property of the bankruptcy estate in the debtor pursuant to § 1141(b), and once property is removed from the estate, the automatic stay terminates pursuant to § 362(c)(1). *See* 11 U.S.C. § 1141(b); *see also* § 362(c)(1); *In re Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609 (5th Cir.1997); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581 (9th Cir.1993). Therefore, because "property of the estate" no longer exists and the automatic stay is terminated pursuant to § 362(c)(1), the Court is unable to grant the relief requested by GMAC. *See* 11 U.S.C. § 362(c)(1). However, the bankruptcy court does retain jurisdiction to ensure the provisions of the confirmed plan are adhered. *See In re Gordon Sel–Way, Inc.*, 270 F.3d 280, 288–89 (6th Cir.2001).

█ Further, GMAC had preconfirmation options to protect what it deems to be unfair treatment of its claim by the Debtors. It could have requested, preconfirmation, adequate protection payments from the Debtor–Husband to prevent erosion of its interest in the subject collateral (2002 GMC Denali) until the filing of the plan pursuant to § 363(e). GMAC failed to file an objection to the plan, asserting that its claim was impaired pursuant to the Bankruptcy Code. Additionally, it could have requested the allowance of its claim as an administrative claim. Notwithstanding, the aforementioned options, GMAC did nothing prior to the confirmation of the Plan. GMAC's present effort is nothing more than an attempt to circumvent those shortcomings by seeking stay relief to cure what it should have done previously. GMAC is bound by the provisions of the confirmed plan pursuant to § 1141(a) which provides that "the provisions of a confirmed plan bind ... any creditor" whether or not the creditor has accepted the plan. 11 U.S.C. § 1141(a). Thusly, § 1141(a) precludes GMAC, as a creditor, from seeking different treatment than what was provided for in the plan. GMAC could have timely objected to the plan if it desired a different result.

## CONCLUSION

Accordingly, GMAC's Motion is not well premised and is hereby denied. The opposition of the Debtors is sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this *18th* day of September, 2007.

A Memorandum of Opinion and Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that GMAC's Motion is not well premised and is hereby denied. The opposition of the Debtors is sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**