## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                    )    BAP No.   AZ-14-1402-KiPaJu
                                          )
JOSEPH P. PALMISANO and                   )    Bk. No.   2:09-29570-GBN
AMY K. PALMISANO,                         )
                                          )
                    Debtors.              )
_____        )
                                          )
JOSEPH P. PALMISANO;                      )
AMY K. PALMISANO,                         )
                                          )
                    Appellants,           )
                                          )
v.                                        )    **M E M O R A N D U M**[1]
                                          )
THE BANK OF NEW YORK MELLON               )
TRUST COMPANY, N.A., f/k/a                )
THE BANK OF NEW YORK TRUST                )
COMPANY, N.A., AS TRUSTEE FOR             )
CHASEFLEX TRUST SERIES 2007-2,            )
                                          )
                    Appellee.             )
_____        )

Argued and Submitted on June 19, 2015,
at Phoenix, Arizona

Filed - June 29, 2015

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Jr., Bankruptcy Judge, Presiding

Appearances:    Appellant Joseph P. Palmisano argued pro se; Kyle
                S. Hirsch of Bryan Cave LLP argued for appellee,
                The Bank of New York Mellon Trust Company, N.A.

Before: KIRSCHER, PAPPAS and JURY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appellants, chapter 11[2] debtors Joseph and Amy Palmisano ("Debtors"), appeal an order granting the motion of appellee, The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A. as Trustee for Chaseflex Trust Series 2007-2 (the "Bank"), for relief from the automatic stay. The bankruptcy court determined that Debtors' failure to make multiple post-confirmation mortgage payments to the Bank constituted "cause" to terminate the stay under § 362(d)(1).[3] We DISMISS the appeal as MOOT because Debtors' case has since been closed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Debtors commenced a chapter 11 bankruptcy case on November 17, 2009. The property at issue is Debtors' home located on East Melody Court in Gilbert, Arizona ("Property"). Debtors obtained a $900,000 loan from JPMorgan Chase Bank ("Chase") for

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] Debtors also attempt to appeal the bankruptcy court's order denying reconsideration of the stay relief order. Debtors timely appealed the stay relief order, but then filed a motion to reconsider that order. At a hearing on September 24, 2014, the bankruptcy court determined that it lacked jurisdiction to review the motion to reconsider because Debtors had appealed the stay relief order. On October 6, 2014, we granted limited remand for the bankruptcy court to rule on the reconsideration motion. The bankruptcy court denied that motion on November 6, 2014. Debtors did not file an amended notice of appeal.

Consequently, on March 18, 2015, after Debtors had filed their opening brief, we issued an order denying the Bank's motion to dismiss but informing the parties that only the stay relief order was the subject of this appeal; we lacked jurisdiction to review the order denying reconsideration due to Debtors' failure to file an amended notice of appeal. See Rule 8002(b)(3). Therefore, we do not consider the documents submitted in Debtors' excerpts of record that were presented to the bankruptcy court for the motion to reconsider. We also do not consider any of Debtors' arguments with respect to the bankruptcy court's denial of that motion.

-2-

the Property in January 2007. In exchange for the funds, Debtors executed a promissory note and first deed of trust in favor of Chase to secure the note.

Chase filed a proof of claim for $995,067.90. In June 2010, Chase recorded an Assignment of Deed of Trust, assigning its interest in the note and deed of trust to the Bank.

The bankruptcy court confirmed Debtors' chapter 11 plan in January 2011 ("Plan"). Under the Plan, Debtors and Chase[4] agreed to value the Property at $600,000 and agreed that Chase held a secured claim in that amount; the remaining amount of Chase's claim was treated as an allowed unsecured claim. The Plan required Debtors to make monthly payments of $3,207.61 to Chase.

The Bank moved for relief from the automatic stay on January 2, 2013 ("Stay Relief Motion"), alleging that Debtors had failed to make post-confirmation mortgage payments in accordance with the Plan since September 2011. The Bank argued that Debtors' default constituted "cause" for relief under § 362(d)(1). Debtors opposed the Stay Relief Motion, denying the Bank's allegation of any missed mortgage payments. A hearing on the Stay Relief Motion was continued several times to accommodate the parties' settlement attempts.

After settlement negotiations failed, the bankruptcy court held a hearing on the Stay Relief Motion on August 5, 2014. The Bank filed a reply brief the day before, reasserting that Debtors had failed to make monthly mortgage payments per the Plan since

---

[4] The Plan still referred to Chase as the first-position lender on the Property even though its interest in the note and deed of trust had already been assigned to the Bank.

-3-

September 2011, rendering them $96,250.00 in default.

Debtors were represented by their proposed new counsel, Alan Meda. Mr. Meda admitted he was "still getting up to speed" on the Stay Relief Motion, but said he could address the issue "at the appropriate time." After brief argument by the parties, Mr. Meda conceded to the court that Debtors had failed to make some of the payments in accordance with the Plan. Based on the Bank's and Mr. Meda's representations, the bankruptcy court granted the Stay Relief Motion.

Debtors, acting pro se, timely appealed the order granting the Stay Relief Motion for "cause" entered on August 8, 2014 ("Stay Relief Order").[5] Per their request, Debtors' chapter 11 case was closed on January 9, 2015.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). Our jurisdiction is based upon 28 U.S.C. § 158, which we discuss below.

## III. ISSUES

Is the Stay Relief Order moot? If not, did the bankruptcy court abuse its discretion in granting the Stay Relief Motion?

## IV. STANDARD OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014)(citing Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d

---

[5] The Bank agreed to stay any foreclosure sale pending the appeal so long as Debtors tendered monthly mortgage payments of $2,750.00.

-4-

782, 787 (9th Cir. 2003)).

# V. DISCUSSION

**The appeal of the Stay Relief Order is moot**.

We lack jurisdiction to hear moot appeals. Id. (citing United States v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001); GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994)). Federal courts may only adjudicate actual cases and controversies. Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012). A moot case is one where the issues presented are no longer live and no case or controversy exists. In re Ellis, 523 B.R. at 677 (citing Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005)). The test for mootness is whether an appellate court can still grant the appellant effective relief if it decides the merits in his or her favor. Id. If an issue becomes moot while the appeal is pending, an appellate court must dismiss the appeal. Id. (citing In re Pattullo, 271 F.3d at 900). "We may take judicial notice of events in the bankruptcy case occurring subsequent to the filing of an appeal if they resolve the dispute between the parties." Id. (citing Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011)("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.").

Under § 362(a), when a petition is filed an automatic stay becomes effective which operates to enjoin, among other things:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

> (4) any act to create, perfect, or enforce any lien

-5-

against property of the estate;

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]

§ 362(a)(3)-(5).

However, the stay is not permanent. Section 362(c) sets forth the time limitations governing its duration:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

> (2) the stay of any other act under subsection (a) of this section continues until the earliest of —

>> (A) the time the case is closed;

>> (B) the time the case is dismissed; or

>> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

§ 362(c)(1), (2).

The Plan provided that as of the confirmation date, all property of the estate reverted to Debtors and would no longer be considered property of the estate as defined in § 541. Thus, the stay established by § 362(a)(3) and (4) was terminated upon confirmation since the Property was no longer "property of the estate." Guild Mortg. Co. v. Cornist (In re Cornist), 7 B.R. 118, 120 (Bankr. S.D. Cal. 1980); § 362(c)(1); see also Gasprom, Inc. v. Fateh (In re Gasprom, Inc.), 500 B.R. 598, 604 (9th Cir. BAP 2013)(title to property reverted to debtor once trustee abandoned it and was no longer "property of the estate," so the aspect of the stay protecting estate property no longer applied).

But confirmation of Debtors' Plan did not by operation of law

-6-

terminate the aspect of the stay arising from § 362(a)(5), which protects "property of the debtor." In re Gasprom, Inc., 500 B.R. at 604 (section 362(a)(5) continued to protect "property of the debtor" from foreclosure); In re Cornist, 7 B.R. at 120 (section 362(a)(5) automatically stays a wide variety of actions against the debtor's property, including private foreclosure sales)(citing 2 COLLIER ON BANKRUPTCY ¶ 362.04(5) at 362-34 (15th ed.)). However, the stay under § 362(a)(5) is also one of limited duration and terminates automatically under § 362(c)(2) when a discharge is granted or denied or when the case is closed or dismissed. In re Cornist, 7 B.R. at 120; see also In re Gasprom, Inc., 500 B.R. at 604 (absent a ruling granting relief under § 362(d) to permit foreclosure to occur, § 362(a)(5) continues to protect debtor's property from foreclosure, at least until the bankruptcy court closes debtor's case). Therefore, no stay has been in effect since Debtors' case was closed on January 9, 2015. Consequently, even if we were to reverse the Stay Relief Order which terminated the automatic stay in the Bank's favor under § 362(d)(1), that stay has now terminated as a matter of law.[6] As a result, we are unable to provide any effective relief to Debtors, and therefore the appeal is moot.

////

---

[6] The Bank contends, alternatively, that it was not required to seek an order terminating the stay because the stay terminated by operation of law when Debtors' Plan was confirmed and they received their discharge. Although the confirmation order states that Debtors would receive a discharge upon Plan confirmation, the Bank is incorrect. Because Debtors are individuals, they will not receive a discharge until all plan payments have been made, sometime around the end of 2016. See § 1141(d)(5). The order closing Debtors' case reaffirms that they will not receive a discharge until all plan payments have been made.

-7-

## VI. CONCLUSION

For the foregoing reasons, we DISMISS this appeal as MOOT.