### In re TURNING POINT LOUNGE, LTD., Debtor.

#### Bankruptcy 87–20507.

United States Bankruptcy Court, W.D. New York.

March 7, 1990.

---

Hancock & Estabrook by Stephen A. Donato and Camille A. Wolnik, Syracuse, N.Y., for petitioners.

Harter, Secrest & Emery by Larry D. Scheafer, Rochester, N.Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on a motion to lift the stay or to allow an administrative claim. On April 15, 1987, Turning Point Lounge, Ltd. (hereinafter referred to as Turning Point) filed for relief under Chapter 11 of Title 11 of the U.S.C. On June 22, 1989, Jazz Bird filed a motion to lift the stay to enforce a post petition judg-

ment or in the alternative to be awarded an administrative claim.[1]

There are no facts in dispute. However, due to the complexity of the facts they will be stated at length. On the evening of April 25–26, 1987, Turning Point infringed on Jazz Bird's copyright by publicly performing copyrighted material without permission. On November 4, 1987, Jazz Bird commenced a post-petition action based on copyright infringement in the United States District Court for the Western District of New York against Turning Point and its principal, David Mura.

On March 1, 1988, a default judgment was entered against both Turning Point and Mura. Jazz Bird's motion to confirm the default was heard on June 21, 1988. At that time, Mura appeared and informed Jazz Bird that Turning Point had filed for protection under the Bankruptcy Code. This was Jazz Bird's first notice of Turning Point's bankruptcy filing. Turning Point and Mura were then instructed to file answering papers by July 5, 1988.

On July 19, 1988, for reasons not quite clear, Jazz Bird agreed to re-serve the Summons and Complaint as to Turning Point. Turning Point once again defaulted. Judgment was entered on September 23, 1988.

On December 31, 1988, a confirmation hearing was held on Turning Point's Plan of Reorganization. Jazz Bird did not receive notice of this hearing.

On March 14, 1989, The District Court awarded judgment to Jazz Bird against Turning Point based upon the debtor's failure to appear in the action. On March 15, 1989, judgment was entered in the amount of $8,675 against Turning Point.

On June 21, 1989, Jazz Bird filed the motion in issue requesting relief from the stay to enforce its judgment or, in the alternative, to be awarded an administrative priority to be paid on the date of confirmation or if allowed after confirmation. Jazz Bird's motion was returnable on July 10, 1989, however, it was adjourned

---

1. The Petitioners are Jazz Bird Music, WB Music Corp., Canaan Music, Inc., Polygram Music Publishing, Inc., Bon Jovi Publishing and Hide-out Records and Distributors, Inc. Collectively they will be referred to as Jazz Bird.

until July 17, 1989. An Order confirming Turning Point's Plan was signed on July 7, 1989. It is not clear why Turning Point had not previously submitted an Order Confirming its Plan. Turning Point also filed a motion in District Court to have the default vacated. The motion in issue was then adjourned until August 12, 1989 to allow oral argument of the motion to vacate the default judgment. The motion to vacate the default was denied on August 8, 1989.

On August 14, 1989, oral argument on Jazz Bird's motion to lift the stay was heard. The Court reserved on the motion and legal memoranda were filed. Jazz Bird recognizing that its motion to lift the stay or, in the alternative, to be granted an administrative priority became moot when the Plan was confirmed now requests a determination that it is not bound by Turning Point's Plan and may enforce its judgment for a post-petition debt.

■ Jazz Bird correctly argues that the automatic stay imposed by 11 U.S.C. § 362(a) terminated by operation of law pursuant to 11 U.S.C. § 362(c), upon entry of the Order of Confirmation. Thus, Jazz Bird is now free to enforce its post-petition judgment. The automatic stay of § 362(a) is imposed upon the filing of a petition for relief under the Code. Section 362(c) provides that the stay in a case under Chapter 11 is lifted at the time a discharge is granted or denied.

Section 1141 states the effect of confirmation. The debtor is re-vested with title to its property and granted a discharge unless there is a liquidating plan or in the case of an individual debtor the debt is excepted from discharge. Therefore, the confirmation of a plan grants the debtor a discharge, the property is no longer proper-

ty of the estate and by operation of § 362(c), the automatic stay is lifted. *In re Crawford,* 95 B.R. 491 (Bkrtcy.W.D.Mich. 1988); *In re Korgan,* 52 B.R. 557 (Bkrtcy. D.Oregon.1985); *In re Ernst,* 45 B.R. 700 (Bkrtcy.D.Minn.1985).

■ The only question which remains is whether the Order confirming the Plan discharged the pre-confirmation debt owed by Turning Point to Jazz Bird. As stated previously, Jazz Bird was not listed as creditor on Turning Points petition. Turning Point became aware that Jazz Bird might assert an' infringement claim against Turning Point on September 30, 1987. However, Turning Point never amended its petition to reflect a possible claim by Jazz Bird or filed a proof of claim on behalf of Jazz Bird as allowed under § 501(c) and Bankruptcy Rule 3004. Jazz Bird, on the other hand, with knowledge of the Bankruptcy never filed a proof of claim as allowed, if not required, by Bankruptcy Rule 3003(c)(1).

The provisions of a confirmed plan bind any creditor whether or not its claim is impaired under the plan or the creditor has accepted the plan. 11 U.S.C. § 1141(a). Section 1141(d)(1)(A) states that except as provided in the plan or the order confirming the plan, the confirmation of a plan discharges the debtor from any debt that arose prior to confirmation whether or not a proof of claim has been filed, the claim was allowed under § 502 or the claim holder accepted the plan.[2] No proof of claim was filed by Jazz Bird in this case. The debt owed to Jazz Bird was not scheduled, was not dealt with in the Plan and was not dealt with in the Order confirming the Plan. Therefore, on the face of these sections Jazz Bird is bound by the confirmed Plan and its post-petition, pre-confirmation claim is discharged.

---

**2.** Section 1141(d) states:

Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; and

(B) terminates all rights and interests of equity security holders and general partner provided for by the plan.

Jazz Bird acknowledges this but argues that this section is inapplicable because of its lack of actual notice of the reorganization proceeding and more particularly the confirmation hearing. Jazz Bird contends that a judicially created exception to § 1141(d)(1)(A)(i) based on the holding of the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), requires that a creditor receive all notices required by statute before his claim is forever barred. *City of New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Jazz Bird contends it had no knowledge of the Bankruptcy filing until informed by Turning Points principal, Mura, in June of 1988. That Mura's oral statements are not sufficient to satisfy the notice requirement of the due process clause of the 14 Amendment to the U.S. Constitution. Jazz Bird never received notice of the confirmation hearing. Therefore, Jazz Bird was not afforded adequate notice of the bankruptcy proceeding, is not bound by the Plan and its debt is not discharged.

Turning Point asserted at oral argument that Jazz Bird had an affirmative duty to come forward and participate in the reorganization process. Its failure to do so precludes it from enforcing its post-petition judgment until the Plan is complete. The question which must be decided is whether Jazz Bird is bound by the confirmed plan and if it is, has its claim been discharged.

The courts which have addressed this issue have uniformly held that the debt owed to a creditor who was not scheduled, did not receive notice of the bar date for filing a proof of claim and therefore, could not participate in the reorganization process is not bound by the plan and its claim is not discharged notwithstanding § 1141(c) and (d)(1)(A)(i). *Spring Valley Farms, Inc., v. Crow,* 863 F.2d 832 (11th Cir.1989); *Broomall Ind. v. Data Design Logic Systems,* 786 F.2d 401 (Fed.Cir.1986); *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3rd Cir.1967); *Acevedo v. Van Dorn Plastic Machinery Co.,* 68 B.R. 495 (Bkrtcy.E.D.N.Y.1986); *Van Dorn Plastic Machinery Co. v. Cut Rate Plastic Hanger, Inc.,* 68 B.R. 495 (Bkrtcy.E.D.N.Y. 1986); *In re Moskowitz,* 35 B.R. 750 (Bkrtcy.S.D.N.Y.1983) (applying the same reasoning to the extension of the bar date to file claims on motion of a creditor with knowledge of the reorganization but who was unlisted, unscheduled and never received notice); *In re Pine Associates, Inc.,* 35 B.R. 49 (Bkrtcy.D.Conn.1983) (same).

In *City of New York,* supra, the Court stated that a creditor with general knowledge of a reorganization has no duty to inquire into further court action. Instead it has the right to assume it will receive statutory "reasonable notice" before its claim is forever barred. The Constitution requires notice and opportunity to be heard when a property interest is at stake. Each creditor or interested party must be properly notified for it to be able to have the opportunity to protect its interests during the reorganization process. *Reliable,* 726 F.2d at 623. It is clear in this case that Jazz Bird was never properly notified of the reorganization proceedings.

The facts in this case show that Turning Point filed its petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code on April 15, 1987. On April 25–26, 1987, it infringed upon Jazz Bird's copy rights. On September 30, 1987, Jazz Bird sent Turning Point a registered letter advising it of Jazz Bird's claim of infringement. On November 4, 1987, Jazz Bird commenced a post-petition infringement action in Federal District Court for the Western District of New York. On March 1, 1988, a default judgment was entered against Turning Point. On June 21, 1988, Jazz Bird's motion to confirm the default was heard and Turning Point's principal, David Mura, appeared and for the first time informed Jazz Bird of the filing for protection under the Bankruptcy Code. Clearly, Turning Point had knowledge that there was at least a contingent claim against it by this time. *See* § 101(4). However, Turning Point never moved to

amend its schedules to include the claim. On December 31, 1988, the confirmation hearing was held in regard Turning Point's plan of reorganization. Jazz Bird was never notified of this hearing. Judgment was entered in the amount of $8,675 by the District Court against Turning Point on March 15, 1989. The Order confirming Turning Point's Plan was entered on July 7, 1989.

It is clear based on these facts that Jazz Bird never had the opportunity to participate in the reorganization process. Further, it never had the opportunity to protect its property interest. Notice and opportunity to be heard are the corner stones of the Supreme Court's decision in *City of New York*. The Court's concerns in that case are in issue in this case. While it may be true that a creditor has the right to file a proof of claim in a bankruptcy proceeding if it determines that it is a creditor of a debtor and is not listed or scheduled as such, Bankruptcy Rule 3003(c), it is also clear that it would be a violation of due process to bind a creditor to a plan and discharge the debt owed to it for failing to do so.[3] Jazz Bird is not bound by Turning Point's Plan and the debt owed by Turning point to Jazz Bird has not been discharged by the confirmation of Turning Point's Plan.

For the reasons stated above, Jazz Bird's motion is denied. However, Jazz Bird is not bound by the Plan and may enforce its post-petition judgment and it is so ordered.

---

**3.** The holding in this case may not be applicable to a Chapter 11 which involves an individual debtor as opposed to a corporate debtor. In the case of an individual debtor, a creditor with general knowledge of a bankruptcy filing may have a duty to inquire to see if it has been scheduled, and if it has not, to file a proof of claim. Failure to do so may cause its claim to be discharged. *See* § 523(a)(3); *In re Green*, 876 F.2d 854 (10th Cir.1989) (distinguishing burden of chapter 11 creditor to inquire from chapter 7 creditor and holding § 523(a)(3) places an affirmative duty on a creditor to protect it self once it has knowledge of the bar date for filing claims); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) (same). However, a Chapter 11 corporate debtor is not subject to the dischargeability provisions of § 523(a)(3). Those provisions apply only to an individual debtor. § 1141(d)(2). *See Spring Valley Farms, Inc., v. Crow*, 863 F.2d 832 (11th Cir.1989) (and cases cited therein); 3 King, Collier on Bankruptcy, § 523.04 at 523–11.