In re WATERMAN STEAMSHIP
CORPORATION, Debtor.

WATERMAN STEAMSHIP
CORPORATION, Plaintiff–
Appellant,

v.

Jose AGUIAR, et al., Defendants–
Appellees.

No. 93 Civ. 4849.

United States District Court,
S.D. New York.

Aug. 16, 1993.

Helen Feuer, White & Case, New York City, for plaintiff-appellant.

Alan Kellman, The Maritime Asbestosis Clinic, a division of the Jaques Admiralty Law Firm, Detroit, MI, for defendants-appellees.

## OPINION AND ORDER

STANTON, District Judge.

This appeal from the decision of the Bankruptcy Court, 141 B.R. 552 (Bankr. S.D.N.Y.1992), involves the question of adequate notice to seamen, who had been exposed to asbestos on Waterman vessels, of their need to file claims in Waterman's bankruptcy proceedings. The factual and procedural background is set forth in the published opinion of the Bankruptcy Court.

## DISCUSSION

Under § 1141 of the Bankruptcy Code, the confirmation of a chapter 11 plan of reorganization discharges the debtor from any debt that arose prior to confirmation, unless the debt is exempt under the Code, plan or order confirming the plan. *In re Brooks Fashion Stores, Inc.,* 124 B.R. 436, 445 (Bankr.S.D.N.Y.1991). Due process requires the provision of reasonable notice to those parties whose claims are to be discharged: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Reasonable notice of a bankruptcy proceeding includes notice of the bar date for filing a proof of claim. *See In re Spring Valley Farms, Inc.,* 863 F.2d 832, 834 (11th Cir. 1989) ("due process prevents Section 1141 from being read to extinguish their claims when no notice of the bar date for filing a proof of claim has been sent."); *In re Turning Point Lounge, LTD.,* 111 B.R. 44, 47 (Bankr.W.D.N.Y.1990) ("The courts which have addressed this issue have uniformly held that the debt owed to a creditor who was not scheduled, did not receive notice of the bar date for filing a proof of claim and therefore, could not participate in the reorganization process is not bound by the plan and its claim is not discharged notwithstanding § 1141(c) and (d)(1)(A)(i)").

The proper inquiry in evaluating the adequacy of notice is whether a party "acted reasonably in selecting means likely to inform persons affected." *Weigner v. City of New York,* 852 F.2d 646, 649 (2d Cir. 1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). In providing notice, "a debtor must make reasonably diligent efforts to uncover the identities of those who have claims against the debtor, although the debtor is not required to search out each conceivable or possible creditor and urge the creditor to file a proof of claim." *In re Thomson McKinnon Securities, Inc.,* 130 B.R. 717, 720 (Bankr.S.D.N.Y.1991). While creditors with reasonably ascertainable names and addresses are entitled to actual notice, publication notice has been held adequate for unknown creditors. *See Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988) ("For creditors who are not 'reasonably ascertainable,' publication notice can suffice.").

In the circumstances here:

 1. When notice of the bar date was sent out, all those former seamen who were known to be actual or potential claimants (i.e., all those who Waterman knew had manifested signs of illness) were entitled to actual personal notice. Notice by publication, or through a lawyer representing them in another proceeding, or in any fashion other than actual personal notice does not suffice. *See Tulsa*, 485 U.S. at 491, 108 S.Ct. at 1348 ("If appellant's identity was known or 'reasonably ascertainable' then termination of appellant's claim without actual notice violated due process.").

2. Those actual or potential claimants who could not be personally identified with reasonable effort were not entitled to actual personal notice. They were entitled to notice which was "reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. Notice which is not personally addressed, including notice by publication, may suffice if it is reasonable under the circumstances. *See Tulsa*, 485 U.S. at 490, 108 S.Ct. at 1347. The sufficiency of notice through his or her counsel might be considered in this connection. Since the issue is one of notice, it is questionable whether the appointment of a representative for the claimants as a whole would be a satisfactory alternative. *Cf. Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 176, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974) (there is "little to commend" the contention that adequate representation, rather than notice, is the touchstone of due process in a class action and therefore satisfies Fed.R.Civ.P. 23).

The Bankruptcy Court did not adequately analyze whether the notice given by Waterman sufficed to meet this standard with respect to those individually unidentifiable seamen who had manifested symptoms of the disease when notice of the bar date was given, and who were thus able to perceive the significance and implications of the information.

3. The Bankruptcy Court correctly held that the potential future claims of those who had not manifested any detectable signs of disease when notice of the bar date was given, were not discharged in the bankruptcy proceeding.

### CONCLUSION

In applying those principles, it is necessary to discriminate among the various recipients of Waterman's notice. That may require factual determinations concerning such questions as when the seaman manifested disease symptoms, and the reasonableness of the notice to particular individuals or groups. The Bankruptcy Court, however, simply found in favor of what it called the "Asbestosis Claimants" as a whole.

Accordingly, the judgment is vacated, and the action is remanded to the Bankruptcy Court for further proceedings.

So ordered.