## In re Jeffrey P. VOTA and Holly M. Vota, Debtors.

### Bankruptcy No. 93–12018.

United States Bankruptcy Court, D. Rhode Island.

March 28, 1994.

Deena F. Christelis, Cuzzone, Geremia & Civittolo, Providence, RI, for trustee.

Charles A. Lovell, Partridge, Snow & Hahn, Providence, RI, for New London Trust.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before us is the Chapter 7 Trustee's Motion to Assert Interest in Insurance Proceeds, and the objection of New London Trust Federal Savings Bank (New London) thereto.

The relevant facts are these: On July 7, 1993, New London conducted a mortgagee's foreclosure sale of the Debtor's property, and was the successful bidder in the amount of $82,905.81, which was the full amount due under its note. Two weeks after said foreclosure, on July 28, 1993, the Debtors filed the instant Chapter 7 petition. Thereafter, New London learned that there had been a fire loss on December 12, 1992, and that an insurance check had been issued in the amount of $24,505.43, payable to New London and Belotti Associates (the insurance adjuster)—hence this motion.

The Trustee argues that New London's bid covering the entire balance of its loan constitutes an accord and satisfaction, and extinguished all rights and liabilities between the mortgagor and the mortgagee. New London acknowledges that "under normal circumstances" its bid for the full amount due would cause an extinguishment of the Debtors' obligation under the note. However, because it was not aware of the fire loss prior to the foreclosure sale, New London argues that this Court should fashion an equitable remedy, under 11 U.S.C. § 105, to prevent the

estate from receiving the insurance proceeds as a windfall. The Bank also argues that it acted with due diligence and was not at fault in failing to discover the damage to the premises before bidding at the foreclosure sale.

 Upon consideration, we conclude that the insurance proceeds should be administered as an asset of the Estate. The rule of caveat emptor applies to foreclosure sales, *see* 55 Am.Jur.2d *Mortgages* § 780 (1971), as does the duty of secured creditors to exercise reasonable care and business judgment as part of the bidding process. The fact that New London failed to even inspect the property before the auction[1] is a mistake which this Court's equitable powers may not undo.

 Finally, when equitable considerations conflict with clearly defined principles of law, this Court may not "fashion equitable remedies" to circumvent the legal guidelines. *See In re Plaza de Diego Shopping Center, Inc.,* 911 F.2d 820, 830–32 (1st Cir.1990).

Enter Judgment consistent with this order.

---

1. Even a cursory inspection would have alerted New London to the damage and the likelihood of an insurance claim, and it could then have adjusted its bid accordingly.