**ADAM GLASS SERVICE, INC., Plaintiff,**

v.

**FEDERATED DEPARTMENT STORES, INC., indiv. and d/b/a and trading as Bloomingdales, Defendant.**

No. 93 CV 1854.

United States District Court,
E.D. New York.

Oct. 26, 1994.

Melvyn Schwartz (Stephanie A. Wander, of counsel), New York City, for plaintiff.

Gilbridge, Tulsa, Last & Spellane (Frederic P. Rickles, of counsel), New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff, a glass installation company, brought this diversity action against defendant, a corporation owning several large department stores nationwide, alleging that defendant owes plaintiff $344,532.20 for glass installation services.

Defendant moves for summary judgment. Defendant says plaintiff's claim is barred by defendant's discharge in Chapter 11 bankruptcy proceedings. Plaintiff says the claim is not discharged because plaintiff received no notice of the need to file a proof of claim, of the deadline for doing so, or of any other rights and responsibilities plaintiff had as a creditor in defendant's bankruptcy proceedings.

### I

The following facts are not in dispute. Between September 13, 1987 and August 22, 1990, plaintiff provided material, labor and services to defendant's Bloomingdales location in White Plains, New York. On January 15, 1990, defendant and its subsidiaries filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330, in the United States Bankruptcy Court for the Southern District of Ohio. *In re Federated Department Stores Inc.*, No. 1–90–00130.

On July 5, 1990, Bankruptcy Judge J. Vincent Aug, Jr. directed all claimants to file proofs of claim by August 1, 1990, pursuant to Bankruptcy Rule 3002(c), and later extended the filing deadline to November 1, 1991.

On October 25, 1991, Judge Aug issued another order, directing the clerk's office to "reject all proofs of claim that claimants present for filing after November 1, 1991" and instructing claimants to request a hearing to establish "excusable neglect" for failure to timely file.

Plaintiff never filed a proof of claim. But defendant did not list plaintiff as a creditor in its Chapter 11 petition, as required by Bankruptcy Rule 1007(a). Plaintiff never received any notice of the requirement for filing a proof of claim, or any other notice regarding the bankruptcy proceedings.

At some point, plaintiff "heard a rumor" that defendant had filed for bankruptcy. According to the deposition of James Harte, president of plaintiff, Mr. Harte called a manager at Bloomingdales White Plains with whom plaintiff regularly dealt. The manager reassured Mr. Harte that plaintiff's "bills would be paid." In his deposition Mr. Harte said he "believe[s]" he learned of the bankruptcy from Bloomingdales' manager "two and a half to three years ago," which would be sometime between June 1990 and January 1991.

Plaintiff did not know in what district defendant had filed for bankruptcy or what type of petition defendant had filed. But plaintiff made no further inquiry regarding defendant's bankruptcy status.

On January 10, 1992, the bankruptcy court issued an order confirming a reorganization plan for defendant and discharging defendant "from all Claims or other debts that arose before the Confirmation Date...."

### II

Under Federal Rule of Civil Procedure 56(c) the court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that

the movants are entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On the motion the court views the record in the light most favorable to the non-movant and resolves all ambiguities and draws all reasonable inferences against the movants. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir. 1987).

Defendant says that the bankruptcy court's January 10, 1992 confirmation order discharges plaintiff's entire claim. Under § 1141(d)(1)(A) of the Bankruptcy Code, confirmation of a Chapter 11 reorganization plan "discharges the debtor from any debt that arose before the date of such confirmation...." 11 U.S.C. § 1141(d)(1)(A).

But § 1141 does not take account of the Bankruptcy Code's notice requirements. For example, Bankruptcy Rule 2002(a)(8) provides that the court must give "all creditors ... not less than 20 days notice by mail of ... the time fixed for filing proofs of claims." Plaintiff received no notice of the bar date for filing proofs of claims, or any other notice of its rights and responsibilities as a creditor.

Defendant says that, even if plaintiff had no formal notice, plaintiff's "actual knowledge" of defendant's pending bankruptcy case well before the confirmation date created a burden on plaintiff of further inquiry.

■ While defendant apparently relies on Section 523(a)(3)(A) of the Bankruptcy Code for this argument, that provision is not applicable. Section 523 provides a list of "exceptions to discharge." Subsection (a)(3)(A) exempts from discharge any unlisted and unscheduled debts that are known to the debtor "unless [the] creditor had notice or actual knowledge of the case" in time to file a proof of claim. 11 U.S.C. § 523(a)(3)(A). *See also, In re Alton,* 837 F.2d 457 (11th Cir.1988) (provision puts a burden of inquiry on creditors with actual knowledge of a bankruptcy case).

But § 523 only applies to individual debtors. *See In re Spring Valley Farms Inc.,* 863 F.2d 832, 834 (11th Cir.1989); *In re Trafalgar Associates,* 53 B.R. 693, 696 (Bankr.S.D.N.Y.1985). Defendant is a corporate debtor. The creditor's actual knowledge or burden of inquiry under § 523(a)(3)(A) is irrelevant here.

Because § 523 is not applicable to corporate debtors, and no other provision of the Bankruptcy Code provides exceptions to discharge, plaintiff cannot claim any explicit statutory protection against discharge. Section 1141(d)(1)(A) appears to discharge corporate debtors unequivocally once a confirmation order is entered.

■ But that does not end the court's inquiry. Several circuit courts have held that "due process prevents section 1141 from being read to extinguish [a creditor's] claims" when the creditor receives insufficient notice in a bankruptcy proceeding. *Spring Valley Farms,* at 834 (no discharge where creditor did not get notice of claims bar date). *See also, Reliable Elec. Co. v. Olson Constr. Co.,* 726 F.2d 620, 622–23 (10th Cir.1984) (creditor not bound by reorganization plan without statutory notice of confirmation hearing); *Broomall Industries, Inc. v. Data Design Logic Systems, Inc.,* 786 F.2d 401, 405–06 (Fed.Cir.1986) (no discharge where no formal notice of bankruptcy proceeding).

Bankruptcy courts in this circuit have reached the same conclusion. *See, e.g., In re Interstate Cigar Co.,* 150 B.R. 305, 309 (Bankr.E.D.N.Y.1993) (debtor must give notice of claims bar date); *In re Waterman S.S. Corp.,* 157 B.R. 220 (Bankr.S.D.N.Y. 1993) (due process requires reasonable notice before a claim can be discharged); *In re Turning Point Lounge, Ltd.,* 111 B.R. 44, 48 (Bankr.W.D.N.Y.1990) (creditor with no notice of confirmation hearing was not bound by terms of reorganization); *In re Rogowski,* 115 B.R. 409, 412 (Bankr.D.Conn.1990) (no notice of bar date for filing dischargeability complaint violates due process).

Furthermore, "[t]he focus of due process is on 'the duty of the debtor to give notice of the relevant dates, not on the relative ease with which a creditor can obtain the information without such notice,'" *Interstate Cigar Co.,* at 309 (citation omitted).

In *New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953), the Supreme Court addressed a similar issue under the former Bankruptcy Act. The city held liens on some of the railroad's property but did not file a timely claim as required by the court handling the railroad's bankruptcy case. The issue was whether, absent any statutory provision excepting the city's claims from discharge, its claims nonetheless survived because it never received "reasonable notice" of the claims bar date, as required under the Act.

The Court rejected the railroad's argument that actual knowledge of bankruptcy put a duty of further inquiry on creditors and noted that

> even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred.... The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights.

*Id.* at 297, 73 S.Ct. at 301.

Here, plaintiff admits that at some point it became aware of defendant's bankruptcy case. But plaintiff did not know even in what district defendant had filed for bankruptcy. When plaintiff asked Bloomingdales' manager about the "rumor" of bankruptcy, he was told only that his "bills would be paid." Even then defendant did not provide any notice, written or verbal, of pertinent filing deadlines.

The lack of any notice violated plaintiff's due process rights. Thus plaintiff's claim is not discharged by the January 1992 confirmation order.

Defendant says alternatively that plaintiff's pre-petition claims must be dismissed because plaintiff failed to file a timely proof of claim. This argument fails under the same reasoning as defendant's discharge upon confirmation argument.

■ Plaintiff was statutorily entitled to notice of the claim bar date. Bankruptcy Rule 2002(a)(8). It is a violation of constitu-

tional due process to discharge a debt when no notice of the bar date for filing a proof of claim has been sent to a creditor pursuant to Rule 2002(a)(8). *See Spring Valley* at 834; *Interstate Cigar* at 309; *Waterman Steamship Corp.,* at 220; *Turning Point Lounge,* at 48. Plaintiff was denied such notice, and thus its claim is not barred for failure to timely file a proof of claim.

Finally, defendant says that this court is not the proper forum in which to raise inadequacy of notice because the bankruptcy court's October 25, 1991 order provided a mechanism for claimants to file untimely claims. The order stated that "those claimants wishing to file untimely claims must file a motion requesting a hearing for the purpose of establishing excusable neglect...."

■ To the extent defendant is arguing that plaintiff's failure to exhaust his remedies in bankruptcy court precludes jurisdiction of this court, that argument is without merit. For the reasons fully explained above, plaintiff's claim cannot be barred for failure to avail itself of a procedure of which it had no notice.

■ If defendant's claim is that this court never has jurisdiction over bankruptcy discharge determinations, that claim also fails. Bankruptcy courts have exclusive jurisdiction only over those questions of dischargeability arising under subsections (2), (4), or (6) of § 523(a). If the debt falls within any other § 523 exception, a creditor may raise the issue of dischargeability at any time and in any court in which he has brought suit. *See In re Szczepanik,* 146 B.R. 905, 913 (Bankr. E.D.N.Y.1992).

■ As discussed above, plaintiff's claim does not fall under any provision of § 523 because defendant was not an "individual debtor." Rather, the court finds that the debt is not discharged on the basis of constitutional due process principles.

No court appears to have addressed directly this jurisdictional question outside the context of § 523. But because the Code confers exclusive jurisdiction on bankruptcy courts under only three subsections of § 523, and because federal district courts are obviously

competent to consider the constitutionality of federal statutory provisions, the court finds it has concurrent jurisdiction over this issue.

### III

Defendant's motion for summary judgment is denied.

So Ordered.