**In re AUTOMATIC PLATING OF BRIDGEPORT, INC. and Automatic Plating Realty Company, Inc., Debtors.**

**Sonia DALUZ, Plaintiff,**

**v.**

**AUTOMATIC PLATING OF BRIDGEPORT, INC., Defendant.**

**Bankruptcy No. 95–51118.
Adv. No. 95–5250.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 18, 1996.

Jennifer L. Chobor, David B. Zabel, Cohen & Wolf, P.C., Bridgeport, CT, for Plaintiff.

Charles N. Needle, Lisa M. Campisi, Ann VanDeventer, Zeldes, Needle & Cooper, Bridgeport, CT, for Defendant.

## MEMORANDUM AND ORDER
## ON MOTION TO DISMISS

ALAN H.W. SHIFF, Chief Judge.

This adversary proceeding was commenced by the plaintiff seeking a determination that her claim against the defendant is nondischargeable under § 523(a)(6). The plaintiff acknowledges that case law has consistently held that § 523(a) is not applicable to corporate debtors but request that this court exercises its discretion under § 105(a) in conjunction with § 1141 to find her claim nondischargeable. The defendant has filed the instant motion to dismiss under Rule 12(b)(6) F.R.Civ.P., made applicable by Rule 7012 F.R.Bankr.P. For the reasons that follow, it is determined that the motion to dismiss is granted.

### BACKGROUND

The plaintiff was employed by the defendant as manager of its quality control department. She alleges that she was wrongfully terminated on January 20, 1994, without any prior notice, one day after the defendant learned of her pregnancy. *Amended Complaint*, ¶ 7. On April 12, 1995, the plaintiff commenced an action against the defendant in the United States District Court for the District of Connecticut, asserting that the defendant unlawfully discriminated against her on the basis of her gender and pregnancy in violation of 42 U.S.C. § 2000e *et seq.* and *Conn.Gen.Stat.* § 46a–60. *Amended Complaint*, ¶ 20. That action is pending but was stayed on August 1, 1995, when the defendant commenced this chapter 11 case. *See* 11 U.S.C. § 362(a). On December 12, 1995, the plaintiff commenced the instant adversary proceeding under § 523(a)(6), and on January 19, 1996, the defendant filed the instant motion to dismiss under Rule 12(b)(6) F.R.Civ.P., asserting that § 523 applies only to individual and not corporate debtors. On October 9, 1996, the defendant filed its second amended plan of reorganization, and on November 8, 1996, an order confirming the plan entered. The plan became effective on October 22, 1996.

### DISCUSSION

■ Code § 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (West 1995).

Code § 523(a)(6) provides:

A discharge under section ... 1141 ... of this title does not discharge an *individual debtor* from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity ...

11 U.S.C. § 523(a)(6) (West 1995) (emphasis added).

Code § 1141(d)(2) provides:

The confirmation of a plan does not discharge an *individual debtor* from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 1141(d)(2) (West 1995) (emphasis added).

The plaintiff contends that there is no "principled reason to allow a corporate Chapter 11 debtor to escape the consequences of the same egregious conduct which would result in the [*sic*] an exception to discharge for an individual Chapter 11 debtor, and that there is no language in the Bankruptcy Code which absolutely compels that inequitable result." *Memorandum in Opposition* at 6. The plaintiff therefore requests that the court utilizes its equitable powers under § 105(a) to "hold corporate Chapter 11 debtors to the same standards vis-a-vis exceptions to discharge that apply to individual Chapter 11 debtors who seek confirmation of reorganization plans." *Id.* at 6–7.

■ As the Supreme Court has stated: "it should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses, ... [and] absent a clearly expressed legislative intention

to the contrary, statutory language must ordinarily be regarded as conclusive." *Escondido Mutual Water Co. v. La Jolla Band of Mission Indians,* 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1983) (citation and internal quotations omitted). With that concept in mind, it is noted that § 109(a) authorizes a "person" to be a debtor in bankruptcy and that § 101(41) defines a "person" to include an *"individual,* partnership, and *corporation* ..." (emphasis added). Although "individual" is not specifically defined under the code, it is apparent from the separate enumeration of individual and corporation in § 101(41) that those entities were intended to be treated separately under the code. *Yamaha Motor Corporation v. Shadco, Inc.,* 762 F.2d 668, 670 (8th Cir.1985) (citation and internal quotations omitted) ("Congress clearly did not intend the term 'corporate debtor' to be used interchangeably with the term 'individual debtor,' as such a construction would render meaningless employment by Congress of the term 'individual'"). *See cf. Maritime Asbestosis Legal Clinic v. LTV Steel Company, Inc. (In re Chateaugay Corporation* ), 920 F.2d 183, 185 (2d Cir.1990) ("[T]he plain meaning of 'individual' in § 362(h) and basic rules of statutory construction would appear to prevent application of the section to benefit corporate debtors ..."). Further, in §§ 523(a) and 1141(d)(2), the word "individual" is used to modify "debtor." That modification "clearly evidences the intent of Congress to exclude corporate debtors from the operation of section 523." *Delco Development Co. of Harrison Road, Ltd. v. Kuempel Company (In re Kuempel Company),* 14 B.R. 324, 325 (Bankr.S.D.Ohio 1981).

■ In this circuit, it is well settled that § 523 does not apply to corporate debtors. *See, e.g., Adam Glass Service, Inc. v. Federated Department Stores, Inc.,* 173 B.R. 840, 842 (E.D.N.Y.1994) (§ 523 is inapplicable to corporate borrowers); *Savoy Records Inc. v. Trafalgar Associates (In re Trafalgar Associates),* 53 B.R. 693, 696 (Bankr.S.D.N.Y. 1985) (§ 523 applies only to individual debtors and not limited partnerships).

■ As noted, the plaintiff seeks an order under § 105(a) so that the defendant corporate debtor would be brought within the ambit of § 523. She seeks that result in order to "achieve substantial justice and enforce the public policy concerns which led to the enactment of our civil rights laws, and to refuse to sanction the Debtor/Defendant's intentional misconduct and violation of the civil rights laws." *Memorandum in Opposition* at 2. Her argument, which cites no authority for support, ignores the plain language of the statute, clear congressional intent, and universal case law. Indeed, the Supreme Court noted that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988). *See also Shugrue v. Air Line Pilots Association, International (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 994 (2nd Cir.1990). The powers granted to the court under § 105(a) are not plenary and without limit but must be exercised in a manner consistent with the code and the principles of bankruptcy law. *In re Klus,* 173 B.R. 51, 61 (Bankr.D.Conn. 1994). Furthermore, it has never been the case that "[w]hen equitable considerations conflict with clearly defined principles of law, [a court] may ... fashion equitable remedies to circumvent the legal guidelines." *In re Vota,* 165 B.R. 92, 93 (Bankr.D.R.I.1994) (citation and internal quotations omitted).

■ Similarly, § 1141(d)(2) affords no relief to the plaintiff. That section clearly makes reference to an "individual" not a "corporate" debtor and makes a specific reference to § 523 which, as concluded above, applies only to an "individual" debtor. The issue here is not whether § 523(a) *should* be read to address the consequences of alleged corporate misbehavior, as the plaintiff suggests, but rather whether that section *may* be read to achieve that result. The answer is clear: courts may construe statutes, they may not reconstruct them. *See In re Chateaugay Corporation, supra,* 920 F.2d at 187 ("[I]mproving legislation by amending it is not [this court's] function; only Congress can rewrite the statute").

## ORDER

For the foregoing reasons, IT IS OR-DERED that the defendant's motion to dismiss is granted.