■ BOGDAN AND FAIST, P.C., Appellant-Respondent, v CAI WIRELESS SYSTEMS, INC., Respondent-Appellant. [745 NYS2d 92] —Spain, J. Cross appeals from an order of the Supreme Court (McNamara, J.), entered October 3, 2001 in Albany County, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability and denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff, a law firm, commenced this breach of contract action against its client, defendant, seeking specific performance of a retainer agreement between the parties dated March 17, 1997. Defendant, an owner and operator of wireless telecom-

munication systems, utilizes a Multichannel Multipoint Distribution Services spectrum (hereinafter spectrum) to transmit television signals to its subscribers. In 1995, defendant had entered into agreements with Bell Atlantic and NYNEX in which the latter made substantial investments in defendant and obtained rights to use its spectrum. Defendant later sought to have Bell Atlantic and NYNEX relinquish their interest in defendant and the spectrum; when the proposed shareholder-approved Bell Atlantic-NYNEX merger was announced in late 1996, defendant retained plaintiff to assist in convincing the Public Service Commission (hereinafter PSC) to require, as a condition of approving the merger at the state level, that Bell Atlantic and NYNEX divest their interest in defendant and its spectrum.

Under the terms of the retainer, defendant was required to pay plaintiff $25,000 as the initial retainer, which defendant paid, and to also pay:

"2. The following additional amounts, which shall be due *only if within 90 days of the effective date of the merger*, Bell Atlantic and NYNEX have relinquished all of their rights over [defendant] and its spectrum (the 'Divestiture') and/or sold their interest at a fair and reasonable price and which shall become payable within ten business days following the Divestiture:

"a. $25,000; and

"b. Warrants to purchase 50,000 shares of the common stock of [defendant] at an exercise price of $2.34375 per share * * *" (emphasis supplied).

By the end of April 1997, defendant reached agreements with Bell Atlantic and NYNEX giving defendant the option (until March 1, 1998) to repurchase their interest in defendant.*

The Bell Atlantic-NYNEX merger became effective on August 14, 1997. The value of defendant's shares of common stock fell below $1 in January 1998, and defendant thereafter exercised its option to reacquire Bell Atlantic-NYNEX's interests in defendant on February 17, 1998. In March 1998, defendant paid plaintiff the second $25,000 payment under paragraph (2) (a) of the retainer agreement, but never issued to plaintiff the warrants to purchase shares of defendant's common stock as provided in paragraph (2) (b).

After defendant and its subsidiary circulated a joint reorganization plan to their creditors for approval in June 1998, they

---

* Defendant's agreements with Bell Atlantic and NYNEX dated December 12, 1996 and April 29, 1997 are not included in the record on appeal.

commenced a chapter 11 (11 USC) bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware. By order of September 30, 1998, Bankruptcy Court confirmed defendant's reorganization plan, which, inter alia, eliminated all of defendant's common stock and all prebankruptcy warrants to purchase defendant's common stock. It is undisputed that plaintiff did not receive formal notice as a creditor of defendant's chapter 11 proceeding.

Plaintiff subsequently commenced the instant action in Supreme Court for specific performance of the retainer agreement, seeking an order directing defendant to issue the warrants as provided in paragraph 2 (b). Defendant removed the action to the United States District Court for the Northern District of New York (28 USC § 1452) contending that said court had jurisdiction over plaintiff's claim because it related to defendant's chapter 11 bankruptcy case (see, 28 USC § 1334). Plaintiff moved in the District Court to have its action remanded to Supreme Court (28 USC § 1447 [c], [d]; § 1452 [b]); and defendant moved to transfer venue to Bankruptcy Court (28 USC §§ 1404, 1412). District Court (Kahn, J.) granted plaintiff's motion and remanded the action to Supreme Court, concluding that plaintiff's action was not discharged by 11 USC § 1141 and is not subject to defendant's confirmed reorganization plan.

Plaintiff thereafter moved for partial summary judgment on the issue of defendant's liability under the retainer agreement to issue the warrants, contending that it had fully performed its obligations under that agreement. Plaintiff argued that defendant's payment of the second $25,000 and a July 1997 (premerger) letter from defendant's general counsel had acknowledged defendant's obligation to perform under paragraph (2) of the retainer, and that the District Court's order— remanding the case back to Supreme Court upon finding it was not discharged by the bankruptcy—has preclusive effect.

Defendant cross-moved for summary judgment dismissing the complaint or, in the alternative, to amend its answer to assert the failure of the condition precedent in paragraph (2) (b) of the retainer to defendant's obligation to issue the warrants to plaintiff (CPLR 3015 [a]), i.e., the Bell Atlantic-NYNEX divestiture of interest in defendant did not occur "within 90 days" of the effective date of the merger. Addressing plaintiff's complaint, defendant argued that even if plaintiff is able to show that defendant was obligated to issue the warrants under paragraph (2) (b), specific performance is impossible because the warrants, and the entire class of stock that is the object of

the warrants that plaintiff seeks, were eliminated by the Bankruptcy Court order confirming defendant's chapter 11 reorganization plan. Furthermore, defendant submitted that even if owed to plaintiff, the warrants were worthless and plaintiff is unable to demonstrate, as a matter of law, any injury or damage. Supreme Court denied both parties' motions for summary judgment, but granted defendant leave to amend its answer. Both parties appeal and we modify, finding that defendant demonstrated entitlement to summary judgment dismissing plaintiff's complaint.

As an initial matter, we agree with defendant's contention that the District Court's finding in its remand order—that plaintiff's claim was not discharged by defendant's chapter 11 bankruptcy—does not have preclusive effect in this action, as the remand decision was made "in the interest of justice" and was not subject to appellate review (*see*, 28 USC § 1452 [b] [authorizes remand on any equitable ground]; *see also*, *Things Remembered v Petrarca*, 516 US 124, 128-129 [section 1452 (b), governing remands in bankruptcy cases, bars appellate review of equitable remand order]; *Nutter v Monongahela Power Co.*, 4 F3d 319, 322 [federal remand order has preclusive effect in state court only if it was subject to appellate review]; *cf.*, *Quackenbush v Allstate Ins. Co.*, 517 US 706, 711-712 [remand orders on grounds other than 28 USC § 1447 (c) are appealable]). However, deciding the issue, we find that plaintiff's claim herein was not discharged by defendant's bankruptcy because plaintiff concededly never received formal notice of defendant's corporate reorganization under chapter 11 (*see*, *In re Maya Constr. Co.*, 78 F3d 1395, 1399, *cert denied* 519 US 862; *Adam Glass Serv. v Federated Dept. Stores*, 173 BR 840, 842 [11 USC § 523 (a) (3) (B), allowing discharge of a debt where a creditor had either timely formal notice or actual knowledge of the case, does not apply to corporate reorganizations under chapter 11]; *cf.*, *Matter of Medaglia*, 52 F3d 451, 456-457 [actual knowledge of creditors is sufficient in chapter 7, individual debtor proceedings]).

We next turn to the merits of the parties' motions for summary judgment. In support of its motion, plaintiff demonstrated that in April 1997, prior to the merger, defendant obtained the contractual right to reacquire the interests in defendant held by Bell Atlantic and NYNEX and that defendant might have been able to, but did not, exercise that right and accomplish divestiture within 90 days of the merger so as to satisfy the condition precedent in the retainer. However, plaintiff's proof merely raised a question of fact as to whether defendant

prevented or frustrated the occurrence of the condition precedent in paragraph (2) of the retainer agreement—that divestiture must occur within 90 days of the merger; if defendant were found to be so responsible, it would be precluded from relying on the failure of the condition precedent in defending against enforcement of the retainer agreement (*see, A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31; *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690-691; *see also, Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank*, 135 AD2d 102, 107). Also, defendant's payment of the second $25,000 in March 1998, after the divestiture was completed by defendant, at most raised a question of fact as to whether defendant did so under paragraph (2) (a) of the parties' retainer and thereby admitted its liability to issue the warrants under paragraph (2) (b) of the retainer. Accordingly, plaintiff's motion for partial summary judgment was properly denied.

Among the many contentions raised by defendant on its cross motion for summary judgment, we find that two are persuasive and establish its entitlement to dismissal of plaintiff's complaint. First, plaintiff's complaint seeks specific performance of paragraph (2) (b) of the retainer, i.e., an order directing defendant to issue "[w]arrants to purchase 50,000 shares of the common stock of [defendant] at an exercise price of $2.34375 per share." However, stock warrants are simply "contracts entitling the holder to purchase a specified number of shares of stock for a specific price during a designated time period" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 198). Since the stock warrants and the common stock they would have entitled the holder to purchase were, in fact, eliminated by defendant's bankruptcy reorganization, the requested specific performance of paragraph (2) (b) of the retainer is impossible (*see, Matter of Wynyard v Beiny*, 214 AD2d 344, 344). Further, while upon a proper showing a court in equity may award damages in lieu of the desired—but impossible to confer—equitable remedy of specific performance (*see, Maurer v Albany Sand & Supply Co.*, 40 AD2d 883, 883; *see also, Doyle v Allstate Ins. Co.*, 1 NY2d 439, 443; *Lusker v Tannen*, 90 AD2d 118, 124-125), plaintiff herein is unable to make a showing that it sustained any actual or direct damages as a consequence of defendant's failure to issue the stock warrants.

A basic principle of damages in a contract action is that the injured party should be left in as good a position as it would have been had the contract been fully performed, and that the

injured party should not recover more from the breach than it would have gained had the contract been fully performed (*see, Freund v Washington Sq. Press*, 34 NY2d 379, 382; *see also, F & F Rest. Corp. v Wells, Goode & Benefit*, 61 NY2d 496, 502). In this regard, assuming defendant is ultimately precluded from raising as a defense the failure of the condition precedent in paragraph (2) of the retainer and determined to have been obligated to issue the warrants in paragraph (2) (b), the warrants would only have entitled plaintiff (for a period of five years from the issuance of the warrants) to purchase shares of defendant's common stock at *$2.34375 per share*. Under paragraph (2) of the retainer, the warrants were required to be issued "within [10] business days following the Divestiture," i.e., within 10 business days after the February 17, 1998 divestiture. Defendant submitted uncontroverted proof that the per share price for defendant's common stock at that time was below one dollar and never approached the $2.3 per share price specified for the warrants; further, the common stock was entirely eliminated in September 1998 as part of the Bankruptcy Court order confirming defendant's reorganization plan.

Thus, even if defendant had issued the warrants to plaintiff pursuant to the retainer agreement, plaintiff's only options would have been either to (1) hold onto the warrants and not exercise the option to purchase stock and suffer the elimination of the warrants in bankruptcy, (2) purchase defendant's common stock well above market value ($2.3 per share), only to have it eliminated in bankruptcy, or (3) purchase defendant's common stock above market value and sell it at a loss prior to the bankruptcy. Hence, plaintiff has failed to raise any question of fact to rebut defendant's proof that it suffered no actual financial loss of any conceivable nature as a result of defendant's claimed breach of contract, a necessary element of such a claim where specific performance is not available; as such, defendant is entitled to summary judgment dismissing the complaint (*see, Streng Oldsmobile v Fleet Bank of N.Y.*, 245 AD2d 1032, 1033; *Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina*, 234 AD2d 187, 191-192; *Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436; *see also, Smith v Chase Manhattan Bank*, 293 AD2d 598, 600; *cf., Commonwealth Assoc. v Palomar Med. Tech., Inc.*, 982 F Supp 205, 207-212 [the plaintiff demonstrated damages in the form of lost profits attributable to the defendant's failure to fulfill its contractual obligation to issue and register stock warrants]).

Finally, plaintiff appeals from that part of Supreme Court's order as granted defendant leave to amend its answer to

specifically plead the failure of the contractual condition precedent (*see*, CPLR 3015 [b]). While we perceive no abuse of discretion in this ruling (*see*, CPLR 3025), given our determination that defendant's cross motion for summary judgment dismissing plaintiff's complaint should be granted, this issue is academic (*see*, *Guglielmo v Unanue*, 244 AD2d 718, 723).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for summary judgment; cross motion granted, summary judgment awarded to defendant, and complaint dismissed; and, as so modified, affirmed.