**Terence Patrick CASEY, Plaintiff,**

v.

**Abdelrahman MOHAMED, Defendant.**

**No. 01 Civ. 11377(VM).**

United States District Court, S.D. New York.

Feb. 3, 2005.

---

Gregory Kuczinski, Kuczinski Vila & Margolis P.C., Elmsford, NY, for plaintiff.

Mohamed Abdelrahman, Clifton, NJ, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Terence Patrick Casey ("Casey") brings this diversity action against defendant Mohamed Abdelrahman[1] ("Abdelrahman") alleging that Abdelrahman assaulted and battered him without provocation and caused him to sustain serious personal injuries. Casey, who further claims that Abdelrahman's assault was motivated by Casey's sexual orientation, seeks damages in the amount of five million dollars. Casey moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the issue of Abdelrahman's liability for the assault and battery. Abdelrahman neither filed an opposition to Casey's motion nor otherwise requested additional time to respond.

Prior to the issuance of the Court's ruling on this matter, Abdelrahman filed for Chapter 7 bankruptcy, which automatically stayed Casey's action against him. Abdelrahman received a discharge under Chapter 7, 11 U.S.C. § 727, from the United States Bankruptcy Court for the District of New Jersey on October 22, 2004. Casey moved to have his case reopened by letter to the Court dated December 3, 2004. Abdelrahman replied by letter to the Court on December 21, 2004, requesting that the Court dismiss Casey's claim as being discharged under his Chapter 7 bankruptcy.

For the reasons discussed below, this Court finds that Casey failed to present any evidence to support his contention that his claim against Abdelrahman was not discharged in bankruptcy. The Court, however, will allow Casey to submit evidence that in fact the Bankruptcy Court ruled that his claim was excepted from discharge.

### I. Background[2]

On May 18, 2001, Abdelrahman assaulted Casey on a Manhattan sidewalk. Abdelrahman shoved Casey to the sidewalk

---

1. For reasons not clear from the record, the defendant's first and last names are transposed in the caption for this case. The Court notes that the defendant's correct name is Mohamed Abdelrahman.

2. As discussed herein, the Court considers the instant motion based solely on Casey's moving papers. Accordingly, all facts alleged in Casey's Rule 56.1 statement will be deemed admitted in accordance with Local Rule 56.1(c).

and proceeded to punch and kick Casey in the head. As a result, Casey sustained a displaced fracture in his jawbone, among other injuries.

On November 30, 2001, Abdelrahman was tried in New York State Supreme Court, New York County, for the assault on Casey and was found guilty of assault in the second degree. He was sentenced to six months in jail, five years probation, and was directed to attend an anger management course. Casey brought the instant suit to recover personal injury damages stemming from the assault. Abdelrahman, appearing *pro se,* answered the complaint in this action and denied any liability. Casey filed a motion for partial summary judgment on the issue of whether Abdelrahman was liable to Casey for the assault. Despite ample opportunities to oppose or seek additional time for just cause, Abdelrahman did not respond to Casey's pending motion. Prior to the Court's issuance of a decision on the matter, however, Abdelrahman filed for Chapter 7 bankruptcy. That filing automatically stayed Casey's civil action.

Casey received notification that Abdelrahman was discharged in Chapter 7 bankruptcy on October 22, 2004, and moved by letter to this Court on December 3, 2004 to have the pending motion resolved. Abdelrahman opposed Casey's request by letter to the Court on December 21, 2004, contesting his liability in the matter and also alleging that Casey's claim in the instant action was discharged in bankruptcy because Casey did not appear before the Bankruptcy Court to assert such claim.

## II. *Discussion*

■ Pursuant to 11 U.S.C. § 523, a discharge in bankruptcy under Chapter 7 "does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity."

11 U.S.C. § 523(a)(6) ("Section 523(a)(6)" or the "Section"). Whether a claim is excepted from discharge under Section 523(a)(6), however, is a matter solely within the jurisdiction of the Bankruptcy Court. *Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.,* 173 B.R. 840, 843 (E.D.N.Y.1994) ("Bankruptcy courts have exclusive jurisdiction ... over those questions of dischargeability arising under subsection[ ] ... (6) of § 523(a)."); *see also In re Fucilo,* No. 00–36261, 2002 WL 1008935, at *7 (Bankr.S.D.N.Y. Jan. 24, 2002) (same, citing *Adam Glass).* This exclusivity of jurisdiction arises out of Section 523(c)(1), which states, in pertinent part, that

> the debtor shall be discharged from a debt of a kind specified in paragraph ... (6) ... of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (6) ... of subsection (a) of this section.

11 U.S.C. § 523(c)(1); *see* 4 *Collier on Bankruptcy* ¶ 523.26[1], at 523–129 (15th ed. rev.2004) ("Section 523(c)(1) ... requires a creditor who is owed a debt that may be excepted from discharge under paragraph[ ] (a) ... (6) ... to initiate proceedings in the bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged."). The Court has not received any evidence from Casey that the Bankruptcy Court adjudged his claim against Abdelrahman to be non-dischargeable under subsection (a)(6), and this Court cannot consider the matter. *See* 11 U.S.C. § 523(c)(1); *Adam Glass,* 173 B.R. at 843.

■ This Court has concurrent jurisdiction with the Bankruptcy Court to determine whether Casey's claim survives Abdelrahman's bankruptcy discharge un-

der Section 523(a)(3)(B). *See Kresmery v. Service Am. Corp.,* 227 B.R. 10, 14–15 (D.Conn.1998) (citing *Zachery III v. Whalen,* No. 93–CV–36, 1994 WL 411526 (N.D.N.Y. July 26, 1994)). Section 523(a)(3)(B) states that a discharge under Chapter 7 does:

> not discharge an individual debtor from any debt ... neither listed nor scheduled under section 521(1) of this title [11 U.S.C. § 521(1) ], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> . . . .
>
> if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B). "To establish that the debt falls within the exception, [Casey] would need to establish that: (1) his claim was not listed by [Abdelrahman] in [his] petition, (2) he did not have notice nor actual knowledge of the case in time for timely filing of his claim, and (3) the debt is for the willful and malicious injury by the debtor to another or another's property." *Kresmery,* 227 B.R. at 15. The Court received a letter dated June 17, 2004 from Stuart Jon Bierman, who represented Abdelrahman in his bankruptcy filing, indicating that Abdelrahman included Casey's claim in his bankruptcy petition. However, even if it were shown that Abdelrahman failed to list Casey's pending claim in his petition, Bierman's letter was copied to counsel for Casey, presumptively putting Casey on timely notice of the bankruptcy. Casey's claim, therefore, cannot be excepted from discharge under Section 523(a)(3)(B).

This Court cannot restore Casey's action to the Court's active docket, as his claim appears to have been discharged in Abdelrahman's Chapter 7 bankruptcy. Barring submission by Casey, within the time period stated below, of evidence that Casey received a determination from the Bankruptcy Court regarding the non-dischargeability of his instant claim against Abdelrahman, the Court denies Casey's motion to reopen the case and dismisses the action. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title ... operates as an injunction against the ... continuation of an action ... to collect ... any such debt as a personal liability of the debtor.").

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of plaintiff Terence Patrick Casey ("Casey") to reopen this case and for entry of summary judgment is DENIED, unless within ten (10) days of the date of this Order Casey submits evidence that he received a determination in the United States Bankruptcy Court for the District of New Jersey that his claim against defendant Mohamed Abdelrahman ("Abdelrahman") was excepted from discharge in Abdelrahman's Chapter 7 bankruptcy under 11 U.S.C. § 523(a)(6), and it is further

**ORDERED** that, should Casey fail to produce such evidence, Casey's complaint on this action shall be dismissed with prejudice under 11 U.S.C. § 524(a)(2), pursuant to a determination by the Court herein that Casey's claim against Abdelrahman was discharged in bankruptcy under 11 U.S.C. § 727.

**SO ORDERED.**